924 F.2d 1057
 136 L.R.R.M. (BNA) 2392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ACTIVE TRANSPORTATION CO., Petitioner, Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.
 Nos. 89-6177, 89-6404.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1991.
 
 Before DAVID A. NELSON, and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The petitioner, Active Transportation Company seeks review of the NLRB Decision and Order of August 31, 1989. The Board determined that the pre-hiring interviews with three employees, Roy Stephen, Barry Stephens and Lava Todd, and their later termination along with a fourth employee violated 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. 158(a)(1) and (3).[1] The Board found that the Company's acts were in response to the employees' past union association and unionizing activities and as such constituted unfair labor practices. The Board cross-petitions for enforcement of their order. For the reasons stated below, we concur with the Board's determination and grant enforcement of their order.
 
 
 2
 The material facts are not in dispute. Active Transportation was formed in 1987 in Louisville, Kentucky as a truck-transport operation. They began hiring interviews in early 1988, intending on accepting 23 employees. During the interviews with two of the fired employees, the company's agent noted their prior union association and they were questioned as to why they wanted to work for a non-union operation. The company president in fact stated to one of the men that "he didn't have a problem with the union but he wasn't going to let (them) dictate what the company could or couldn't do."
 
 
 3
 The men were ultimately hired. However, shortly after operations began, an organizational drive was initiated. Union cards were distributed by some of the employees including two of the terminated employees, Roy Griffin and Lava Todd. Roy Stephens and Barry Stephens, the other fired men, both had signed union cards during the drive. The officers were made aware of the men's acts through reports from another employee, including allegations that Roy Griffin was "badmouthing" the company. Then on April 1, the four men received notice that they were being discharged because they were "not compatible with the ideas and goals of Active Transportation Company."
 
 
 4
 The complaint alleged violations of the 8(a)(1) by the company officials for the coercive techniques utilized in the interrogative process of the hiring interviews. In addition, the complaint charged a violation of 8(a)(3) for the termination of the four employees involved in the union activity. The Board, in accord with the Administrative Law Judge, found the hiring interviews to be a violation of the employees' rights to collective action as authorized by 29 U.S.C. 158(a)(1). However, it disagreed with the initial determination that the General Counsel had not carried its burden to prove discriminatory purposes in the termination of the employees.
 
 
 5
 The Board found that the prior discussions in the interviews along with the existence of an informant provided a permissible inference that the company officials were aware of the union activities of the fired employees. Illegal motivation was also inferred from the timing of the terminations and the lack of any other legitimate foundation for the terminations. See, N.L.R.B. v. Health Care Logistics, Inc., 784 F.2d 232 (6th Cir.1986). A cease and desist order was issued along with immediate and full reinstatement with backpay for the fired employees.
 
 
 6
 This court is bound by a statutory standard of review requiring us to sustain the Board's ruling if there is substantial evidence in support of the decision. 29 U.S.C. 160(e); Universal Camera Corp v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Indiana Cal-Pro v. N.L.R.B., 863 F.2d 1292 (6th Cir.1988). In addition, the statute prohibits our review of any issue which was not raised before the Board. 29 U.S.C. 160(e); Woelke & Romero Framing, Inc. v. N.L.R.B., 456 U.S. 645 (1982). The petitioner failed to object to the 8(a)(1) violation concerning the threat to one employee, Ray Stephens, in his pre-hire interview. This ruling, then, must be enforced without review.
 
 
 7
 The petitioner, however, argues that the substantial evidence standard has not been met to support the Board's ruling. Substantial evidence has been defined as an amount of evidence sufficient or "adequate, in a reasonable mind, to uphold the decision." Roadway Express, Inc. v. N.L.R.B., 831 F.2d 1285, 1289 (6th Cir.1987). In this case, the violations of both 8(a)(1) for the coercive interviews and 8(a)(3) for the unlawful terminations turn on the issue of the company's anti-union motivation. Accordingly, we look to the evidence presented by the General Counsel demonstrating that "protected conduct was the motivating factor" for the employer's actions and to any rebuttal evidence presented by the petitioner. Lawson Co. v. N.L.R.B., 753 F.2d 471 (6th Cir.1985).
 
 
 8
 The record does present significant evidence of the company's concern about unionization. The hiring agent specifically noted the prior union experience of the prospective hirees and questioned their reasons for applying for a non-union position. In addition, the company president openly expressed anti-union animus. The company officers knew of the unionization drive and in fact met with the Union business agent concerning the organizational efforts. These circumstances then imply an illegal motivation and support the Board's ruling of a violation of 8(a)(1) unless rebutted by legitimate reasons by the company.
 
 
 9
 This evidence presented by the General Counsel however was essentially undisputed by the company and additionally supports the finding of 8(a)(3) violations for the discharge of the four men. A burden-shifting analysis is applied to unlawful discharge claims requiring a threshold prima facie showing that protected conduct "was a substantial or motivating factor in the discharge." N.L.R.B. v. Transportation Management Corp., 462 U.S. 393, 398 (1982). To rebut the charge, the employer must then demonstrate a legitimate or non-discriminatory reason for the discharge. Id.; N.L.R.B. v. Valley Plaza, Inc., 715 F.2d 237 (6th Cir.1983). The Board is permitted to draw all reasonable inferences from direct and circumstantial evidence including the timing of the discharges and the employer's demonstrated hostility to organized labor. N.L.R.B. v. Health Care Logistics, Inc., 784 F.2d 232 (6th Cir.1986). Ultimately, it is a violation of the Act if the company discharges an employee out of anti-union animus and "has no other basis for the discharge, or if the (stated) reasons are pretextual." N.L.R.B. v. Transportation Management Corp., 462 U.S. 393, 398, 103 S.Ct. 2469, 2472, 76 L.Ed.2d 667 (1983).
 
 
 10
 The Active Transportation officers clearly failed to demonstrate any legitimate reason for the terminations. Instead, they asserted "philosophical differences" between the company and the four fired employees as the sole justification.[2] In the absence of a showing of any other non-discriminatory reason, these statements certainly imply a pretextual basis for the terminations and clear violations of the National Labor Relations Act. Accordingly, we find that the Company failed its burden to rebut the General Counsel's evidence of an unlawful discharge and uphold the Board's ruling as supported by substantial evidence.
 
 
 
 [1]
 The Board's decision is reported at 296 NLRB 58
 
 
 [2]
 One of the Officers did testify to the ALJ as to other reasons for the terminations. However, these reasons were not argued to this panel. Rather, the Petitioner chose to allege that the General Counsel failed to present its case without acknowledging a single legitimate reason for the discharges